```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                         CAMDEN VICINAGE
```

```
GREGG S. BALIN,

              Plaintiff,
                                     Civil No. 14-5001 (RMB/AMD)
      v.

NEW JERSEY MANUFACTURERS             MEMORANDUM ORDER
INSURANCE COMPANY,

              Defendant.
```

The instant matter arises out of a claim for damages following Superstorm Sandy.  Defendant, New Jersey Re-Insurance Company ("Defendant" or "NJRIC"), improperly named New Jersey Manufacturers Insurance Company in the Complaint, is a Write-Your-Own Program carrier participating in the United States Government's National Flood Insurance Program ("NFIP"). Plaintiff, Gregg Balin, is the holder of a Standard Flood Insurance Policy ("SFIP") Dwelling Form issued by NJRIC bearing policy number 00N0223685, for the property located at 1200 Pleasure Ave, Ocean City, NJ 08226 ("Property").  The relevant policy period for Plaintiff's SFIP was December 5, 2011 to December 5, 2012, and the coverage limit for the property was $250,000 for Coverage A (building) and $100,000 for Coverage B (contents) both subject to a $1,000.

On October 29, 2012, the Property sustained damage caused by flooding and wind associated with Superstorm Sandy. Following Sandy, Plaintiff made a claim under both his wind policy and flood policy.  Upon receipt of the Plaintiff's flood loss claim, NJRIC assigned Plaintiff's flood loss claim to Advanced Adjusting Ltd who in turn arranged for Andy Gaillard, an independent adjuster, to assist the Plaintiff in his flood loss claim.  Mr. Gaillard inspected the property and determined there to have been a general condition of flooding, with resulting damages.

NJRIC moves pursuant to Fed. R. Civ. Proc. Rule 56(e) for summary judgment as to all claims asserted against it.

**SUMMARY JUDGMENT STANDARD**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it will "affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party."  Id.  When deciding the existence of a genuine dispute of material fact, a court's role

is not to weigh the evidence: all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983).

The following facts are in dispute.  Defendant avers that Plaintiff failed to submit the mandatory pre-suit, signed and sworn Proof of Loss.  In support, Defendant submits the Affidavit of Melanie Neal, as the custodian of records for NJIRC, who states that she can find no record of a Proof of Loss.  [Docket No. 36].

Plaintiff, however, avers that he submitted the Proof of Loss to a fax number that was provided to him by a representative of Defendant.  In support, Plaintiff submits three affidavits.  First, he submits the Certification of Sonia Bequer, an employee of Paramount Public Adjusters LLC ("Paramount"), Plaintiff's public adjusting firm.  Ms. Bequer certifies:

> On April 28, 2014, I caused the Proof of Loss signed by the insured, Gregg Balin, to be faxed to a number supplied by the insurance company.  I always call the insurance company to verify the number before sending.

Docket No. 35-4.  Defendant takes issue with Ms. Bequer's Certification, contending that it lacks specifics and substantiation.  A fair inference, however, is that Ms. Bequer

3

spoke with a representative of NJRIC, not an unrelated entity. As such, Defendant's opposition goes to the weight of the evidence, not its admissibility.

Plaintiff also submits a Certification of Steven Baglivo, a former principal of Paramount. Mr. Baglivo certifies that a Proof of Loss was faxed to the Defendant from Ms. Bequer from the Miami office of Paramount. Although Defendant attacks the reliability of such statement because it conflicts with his earlier deposition testimony, Mr. Baglivo provides a sufficient explanation for his prior testimony that does not appear to be done in bad faith. (Indeed, Defendant has not argued bad faith here). Again, Defendant's argument goes to the weight of the evidence.

Finally, Plaintiff submits a certification from a private investigator who states that the fax number given by Bequer and Baglivo is, in fact, a fax number. This is of limited evidentiary value, as Defendant argues, but nonetheless corroborates Plaintiff's version of the facts.

In the end, there is a genuine issue of material as to whether Plaintiff submitted and Defendant received the Proof of Loss. Accordingly, Defendant's Motion for Summary Judgment is DENIED.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB

4

```
                              UNITED STATES DISTRICT JUDGE
```

Dated: January 31, 2017